## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHINOK PARK,<br><br>      *Plaintiff*,<br><br>    v.<br><br>MILAN N. BRAHMBHATT,<br><br>      *Defendant*. | Civil Action No. 1:24-cv-03465 (CJN) |

### ORDER

Defendant Milan N. Brahmbhatt moves to dismiss Plaintiff Shinok Park's *pro se* complaint, ECF 1, on multiple grounds, ECF 5. The court dismisses the complaint for lack of subject-matter jurisdiction.

Park and Brahmbhatt have engaged in extensive litigation in D.C. Superior Court since 2015. In December 2024, Park filed this suit against Brahmbhatt. ECF 1. Park contests a writ of fieri facias that the Superior Court issued in August 2024 to enforce a $150,000 attorney's fee judgment against her. *Id.* at 4. She alleges that Brahmbhatt secretly scheduled a public auction of her apartment under that writ without properly serving her or providing notice. *Id.* at 5. She asks this Court to quash the writ and stop the forced sale based on several provisions of the D.C. Code, as well as the Due Process Clauses of the Fifth and Fourteenth Amendments. *Id.* at 3–6; ECF 1-2 at 1–2. And, throughout her complaint, she also resurrects laments with the proceedings in D.C. Superior Court. ECF 1 at 3–6.

"[F]ederal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts." *Richardson v. D.C. Ct. of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996)

(citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415 (1923)).  This *Rooker-Feldman* abstention doctrine "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are inextricably intertwined with the issues that were before the state court."  *Araya v. Bayly*, 875 F. Supp. 2d 1, 3 (D.D.C. 2012) (citation and internal quotation marks omitted), *aff'd*, No. 12-7069, 2013 WL 500819 (D.C. Cir. Jan. 18, 2013).

Park's claims here trace back to the D.C. Superior Court proceedings.  The fee award, the praecipe requesting a writ, the writ itself, the marshal's auction, and all additional qualms with her previous trial pertain to the D.C. Superior Court and its officers.  Park does not raise any new, independent federal claims.  Instead, as her response to Brahmbhatt's motion to dismiss makes clear, Park wants the Court to review her case in light of alleged issues with "due process[,] fairness," and "related federal and constitutional issues and rights . . . that have been . . . overlooked or left out in the local courts."  ECF 15 at 5.  She believes that "the Superior Court, as a local court, lacks expertise and perspective for federal and constitutional issues intricately embed[d]ed in this civil action originally arisen from sexual harassment and sexual abuse . . . and further criminal offenses by the abuser abusing judicial and law enforcement processes and authorities with lack of oversight."  *Id.* at 7.  But given that "United States district courts do not have authority to review or otherwise interfere with ongoing D.C. Superior Court matters," *Pearson v. United States*, 377 F. App'x 22, 22 (D.C. Cir. 2010), the Court plainly lacks jurisdiction to provide the "[f]ederal-level oversight and review" that Park seeks, ECF 15 at 8.

For these reasons, the Court grants Brahmbhatt's motion to dismiss, ECF 5.[1]  The Court also denies Park's motion for a more definite statement, ECF 12, and motion to correct the notice of a related case, ECF 20, as moot.  A Judgment will be entered contemporaneously with this Order.  This is a final appealable Order.

DATE:  March 3, 2026

_____
CARL J. NICHOLS
United States District Judge

---

[1] Despite Brahmbhatt's request, ECF 5 at 9, the Court declines to issue sanctions, *see Stankevich v. Kaplan*, 156 F. Supp. 3d 86, 98 (D.D.C. 2016) ("Courts around the country have generally refrained from sanctioning pro se plaintiffs under Rule 11 unless the plaintiff has filed multiple frivolous and overlapping claims."), *aff'd*, 707 F. App'x 717 (D.C. Cir. 2017).